IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Yolanda Thompson, | ) C/A No. 5:12-1952-GRA-KDW |
| Petitioner, | ) ) ) |
| vs. | ) ) REPORT AND RECOMMENDATION |
| Superintendent, Leath Correctional Institution; State of SC, | ) ) ) |
| Respondents. | ) ) ) |

Petitioner, Yolanda Thompson, ("Petitioner"), a state prisoner in the Leath Correctional Institution of the South Carolina Department of Corrections in Greenwood, South Carolina, who is proceeding pro se, has filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the undersigned United States Magistrate Judge, pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.), for initial screening. Petitioner seeks to challenge her March 6, 2009 convictions and sentences in *State v. Thompson*, 2009-GS-44-198, 308, 309, 310, and 311, in Union County General Sessions Court, following Petitioner's guilty pleas to charges of murder, kidnapping, armed robbery, possession of a knife, and criminal conspiracy. Plaintiff alleges that she was sentenced to life without parole on the murder charge, 30 years on the armed robbery charge, 30 years on the kidnapping charge, five years on the possession of a knife charge, and five years on the criminal conspiracy charge. Having carefully reviewed the instant Petition, ECF No. 1, Petitioner's Answers to the Court's Special Interrogatories, ECF No. 13, and the applicable law, the undersigned recommends that the instant Petition be summarily dismissed, without prejudice and without requiring Respondent to file a return, because Petitioner has not exhausted her state remedies.

I.      Background

A.  Procedural History and Petitioner's Allegations

Petitioner filed her § 2254 Petition in this case on July 13, 2012. The Petition was not signed by Petitioner and was missing pages 5 and 8-13. *See* ECF No. 1 at 1-7. Petitioner also failed to submit either the $5 habeas filing fee or an Application to Proceed *in forma pauperis*. On August 21, 2012, the undersigned issued an Order directing Petitioner to: submit a fully completed, signed, and dated Form AO-240 (application to proceed *in forma pauperis*) or pay the filing fee; submit a fully completed, signed, and dated Form AO-241 (petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody); and submit fully completed, signed, and dated Petitioner's Answers to the Court's Special Interrogatories, because the Petition alleged that Petitioner had filed an application for post-conviction relief ("PCR") in Union County, but did not provide a case number or any information about the disposition of the PCR action. *See* ECF No. 1 at 4. On September 10, 2012, Petitioner substantially complied with the proper form order by submitting a properly signed and completed Form AO-241, which was attached to Petitioner's original filing to constitute one document designated as the Petition in this case, ECF No. 1. Petitioner also submitted sworn Answers to the Court's Special Interrogatories in which she stated that she filed a direct appeal to the South Carolina Court of Appeals, which was dismissed on June 17, 2011 in Unpublished Opinion No. 2011-UP-306. Petitioner also stated that, on May 22, 2012, she filed a PCR application in the Union County Court of Common Pleas, in C/A No. 2012-CP-44-232, which is still pending. *See* ECF No. 13 at 1-3. The Union County Sixteenth Judicial Circuit Court Public Index confirms that Petitioner has a currently pending PCR application in Union

County Common Pleas Court, C/A No. 2012-CP-44- 232, which was filed on May 22, 2012. *See* http://publicindex.sccourts.org/union/publicindex/PISearch.aspx (last visited Aug. 15, 2012).[1]

    B.    Pro Se Habeas Review

Under established local procedure in this judicial district, a careful review has been made of the pro se Petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The court is required to construe pro se petitions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976)). Such pro se petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a pro se litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. at 520); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791–92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a pro se petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)). However, the

---

[1] The undersigned takes judicial notice of Petitioner's state court PCR proceedings. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'"); *United States v. Parker*, 956 F.2d 169, 171 (8th Cir. 1992) (the district court had the right to take judicial notice of a prior related proceeding); *In re Katrina Canal Breaches Consolidated Litigation*, No. 05-4182, 2008 U.S. Dist. LEXIS 86538 at *2 (E.D. La. Sept. 8, 2008) (noting that courts may take judicial notice of governmental websites including other courts' records).

requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Furthermore, the court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

II.  Discussion

The Petition for a Writ of Habeas Corpus filed in this case should be dismissed because Petitioner has not fully exhausted her state remedies. With respect to her 2009 Union County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted her state court remedies. *See* 28 U.S.C. § 2254(b); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary

upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*). Such considerations should not be dispensed with lightly.

Section 2254's exhaustion requirement provides:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (I) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.

(3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b), (c). This doctrine requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to the state's highest court for consideration. *See Picard v. Connor*, 404 U.S. 270, 276 (1971). However, as noted above, it is plain from the allegations contained in the Petition, from Petitioner's Answers to the Court's Special Interrogatories, and from Petitioner's state court records that Petitioner's PCR action in the Union County Court of Common Pleas is currently pending. As a result, the grounds for habeas relief ostensibly raised in the Petition filed in this case have not yet been considered and addressed

5

by courts of the State of South Carolina. This failure to exhaust available state remedies is fatal to this case.

Although Petitioner failed to file a direct appeal within the time the permitted by South Carolina law, it is possible that she may be able to receive belated appellate review if a post-conviction court finds that the deprivation of the direct appeal was based on an attorney's failure to preserve the prisoner's right to an appeal. *See, e.g., Sumpter v. State*, 439 S.E.2d 842 (S.C. 1994); *Sims v. State*, 438 S.E.2d 253 (S.C. 1993); *Gossett v. State*, 388 S.E.2d 804, 805-07 (S.C. 1990). Petitioner must pursue her pending state court PCR case to completion. The United States Court of Appeals for the Fourth Circuit has held that South Carolina's Uniform Post-Conviction Procedure Act, S.C. Code Ann. §§ 17-27-10, *et seq.*, is a viable state-court remedy. *Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977). If Petitioner's PCR application is denied by the Union County Court of Common Pleas, she must then seek state appellate review of that PCR denial before she can be said to have exhausted her available state remedies. Review of PCR denials is sought in state appellate courts by way of petition for writ of certiorari as provided under South Carolina Appellate Court Rule 227 and Section 17-27-100 of the South Carolina Code of Laws.[2] Such review must be sought and completed by a state prisoner or federal collateral review (under either 28 U.S.C. § 2254 or § 2241) of the grounds raised in the

---

[2] After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 227(l). If the case is transferred to the Court of Appeals, that case is the final step that Plaintiff must take in order to fully exhaust her state court remedies under § 2254. *See State v. McKennedy*, 559 S.E.2d 850, 854 (S.C. 2002) (after review of a PCR judgment by the Court of Appeals, no need to go through another petition for writ of certiorari to state Supreme Court under SCACR 226 to fully exhaust state remedies in federal habeas actions).

PCR application will be barred by a procedural default. *See Whitley v. Bair*, 802 F.2d 1487, 1500 n.27 (4th Cir. 1986); *Mason v. Procunier*, 748 F.2d 852, 853-54 (4th Cir. 1984); *Strader v. Allsbrook*, 656 F.2d 67, 68 (4th Cir. 1981).

Because it is clear from the face of the pleadings in this case that Petitioner has viable state court remedies (PCR, appellate review of PCR) that have not been fully utilized, this court should not keep this case on its docket while Petitioner is exhausting her state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). Petitioner's assertions in her cover letter and in her Petition do not constitute a plausible allegation that "there is an absence of available State corrective process" or that "circumstances exists that render such process ineffective to protect the rights of the applicant." *See* 28 U.S.C. § 2254(b)((1)(B)(I) and (ii).

III.  Conclusion

For the foregoing reasons, the court recommends that the instant Petition for a Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, be dismissed without prejudice and without requiring Respondent to file a return.

IT IS SO RECOMMENDED.

September 25, 2012  Kaymani D. West
Florence, South Carolina  United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).