UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Yolanda Thompson, | ) | C/A No.: 5:12-cv-01952-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Superintendent, Leath Correctional | ) | |
| Institution; State of SC, | ) | |
| | ) | |
| Respondents. | ) | |
| _____ | ) | |

This matter comes before the Court for a review of the Magistrate Judge Kaymani

D. West's Report and Recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and Local

Rule 73.02(B)(2)(c), D.S.C., filed on September 25, 2012.  In this Report and

Recommendation, the magistrate recommends that Petitioner's Petition under 28 U.S.C. §

2254 for Writ of Habeas Corpus be dismissed without prejudice, and without requiring

Respondent to file a return, for failure to exhaust state court remedies.  After a review of

the record, this Court agrees.

Petitioner brings this claim *pro se*.  This Court is required to construe *pro se*

pleadings liberally.  Such pleadings are held to a less stringent standard than those drafted

by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  This Court is

charged with liberally construing a pleading filed by a *pro se* litigant to allow for the

development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364,

365 (1982).

The magistrate makes only a recommendation to this Court.  The recommendation

has no presumptive weight, and responsibility for making a final determination remains

with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 198–99 (4th Cir. 1983). Furthermore, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845–46 (4th Cir. 1985). In the instant case, Petitioner filed no objections to the Report and Recommendation.

After reviewing the record and Report and Recommendation, this Court finds that the magistrate applied sound legal principles to the facts of the case. Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

**IT IS THEREFORE ORDERED** that Petitioner's § 2254 petition is DISMISSED without prejudice, and without requiring Respondent to file a return, for failure to exhaust state court remedies. The Court declines to issue a certificate of appealability in this matter.[1]

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

---

[1] When a district court issues a final ruling on a habeas petition, the court must issue or deny a certificate of appealability. *See* Rule 11(a) of the Rules governing 28 U.S.C. § 2254 & 2255. The Court has reviewed its order and, pursuant to Rule 11(a), declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2), *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (holding that, to satisfy § 2253(c), "a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

October 18, 2012
Anderson, South Carolina